IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOWER AUTOMOTIVE, LLC and TOWER AUTOMOTIVE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUMBERMENS MUTUAL CASUALTY COMPANY, <br><br> Defendant. | Case No. 08 C 2218 <br><br> Judge: Hon. Virginia M. Kendall |

### DEFENDANT'S MOTION TO DISMISS

Defendant Lumbermens Mutual Casualty Company ("Lumbermens"), by and through its attorneys, hereby moves to dismiss the Complaint of Plaintiffs Tower Automotive, LLC and Tower Automotive, Inc. (collectively, "Tower"), pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Lumbermens submits herewith a supporting Memorandum of Law and states as follows:

#### Introduction

1.  Tower's claims should be dismissed because they are contradicted by the very contract upon which Tower relies—a settlement agreement resolving prior litigation between the parties (the "Settlement Agreement"). That contract does not impose any duty upon Lumbermens that Tower claims to have been breached. Simply, Lumbermens was not obligated to do what Tower claims that Lumbermens did not do. Therefore, each of Tower's claims should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## Argument

### Tower's Breach of Contract Claim (Count I) Should Be Dismissed

2. Tower claims that Lumbermens breached the Settlement Agreement by imposing an "unsupported and unjustified 35% credit surcharge" on Tower, following Lumbermens' annual collateral determination. (Compl. ¶29.) However, the Settlement Agreement, which imposes no limitation upon the amount of Lumbermens' annual collateral adjustment and does not require Lumbermens to provide any explanation or documentation to support the adjustment.

3. In the absence of any obligation actually set forth in the Settlement Agreement that Lumbermens is alleged to have breached, Tower's claims must be dismissed. *Cortina v. Hotel & Restaurant Employees Union*. No. 06 C 6850, 2008 WL 857165 (N.D. Ill. Mar. 31, 2008); *McCalpin*, 2004 WL 1672981, at *3; *Skyview Film & Video, Inc. v. Safeco Life Ins. Co.*, 864 F. Supp. 755, 759 (N.D. Ill. 1994). Accordingly, Count I should be dismissed.

### Tower's Declaratory Judgment Claim (Count II) Should Be Dismissed

4. Count II of Tower's Complaint seeks certain declarations by this Court regarding the Settlement Agreement, including a declaration that the Settlement Agreement has been breached. However, Count II should be dismissed for two reasons.

5. First, just like Count I, the plain language of the Settlement Agreement negates Tower's claim for declaratory relief, and dismissal of Count II is proper on that basis alone.

6. Second, Count II should be dismissed because it is improper for Tower to seek a declaration that a contract has been breached.

CHICAGO/#1806273.1

WHEREFORE, for the reasons set forth above and in the Memorandum of Law submitted in support of this Motion, Lumbermens respectfully requests that this Court (1) grant its motion to dismiss Plaintiff's Complaint, with prejudice and (2) award any other relief that this Court deems proper under the circumstances

Dated: June 20, 2008

LUMBERMENS MUTUAL CASUALTY COMPANY

By: s/ Timothy M. Schank
One of Its Attorneys

Randall M. Lending (ARDC No. 06198407)
Timothy M. Schank (ARDC No. 6275851)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

CHICAGO/#1806273.1