IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOWER AUTOMOTIVE, LLC, and<br>TOWER AUTOMOTIVE, INC.,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>LUMBERMENS MUTUAL CASUALTY<br>COMPANY,<br>　　　　　Defendant. | Case No. 08 CV 2218  NF<br>Judge Kendall<br>Magistrate Judge Keys |

**JOINT STATUS REPORT**

Per the Court's Order of April 25, 2008, the parties submit the following Joint Status Report:

The attorneys of record for Plaintiffs Tower Automotive LLC, and Tower Automotive, Inc., are Andrew R. Running, Ryan Blaine Bennett, and Amy C. Haywood of Kirkland & Ellis, LLP., located at 200 East Randolph, Chicago, IL 60601.

The attorneys of record for Defendant Lumbermens Mutual Casualty Company are Randall M. Lending and Timothy Schank of Vedder Price P.C., located at 222 North LaSalle Street, Suite 2600, Chicago, IL 60601.

Federal jurisdiction is premised on diversity of the parties under U.S.C. § 1332.

In their Complaint filed on April 17, 2008, Plaintiffs raise a breach of contract claim and seek declaratory relief arising from Defendant's alleged breach of a Settlement Agreement, which ended previous litigation between Plaintiffs and Defendant.

On June 20, 2008, Defendant filed a Motion to Dismiss Plaintiffs' causes of action on the grounds that:  (1) Defendant did not breach any obligation set forth in the Settlement Agreement

and (2) Plaintiffs are not entitled to the declaratory relief sought. Plaintiffs' Response is due by July 9, 2008. Defendant's Reply is due by July 16, 2008.

A jury trial was requested by Plaintiffs.

The parties were able to settle their prior dispute in 2005 over the setting of claim reserves on this same book of workers compensation business, and Plaintiffs' counsel expressed to defense counsel on May 5, 2008 a willingness to engage in a mediation or an expedited, "baseball" arbitration to settle this case as well. Plaintiff also expressed a willingness to reach a mutually acceptable, negotiated solution to this dispute in its January 22, 2008 letter requesting documentary support for the 35% credit surcharge. Defendant has rejected the concept of a "baseball" arbitration and is considering the possibility of mediation. Alternatively, Defendant has proposed that the parties resolve the parties' dispute in the context of a novation of the subject insurance policies. Plaintiffs have rejected Defendant's proposal to "novate" or cancel the subject insurance policies because to do so would impose substantial transaction costs on them with little or no corresponding benefit.

No discovery has been conducted in this case. The parties expect that discovery in the case can be completed in approximately four months. Plaintiffs plan to request the following discovery: (1) they will request that Defendant provide the written discovery concerning their calculation and justification for the 35% credit margin that was requested in Tower's January 22, 2008 letter to Jack McGregor of Kemper and (2) they will request a deposition of the Lumbermens actuary most knowledgeable about the decision to impose a 35% credit margin on Tower's workers compensation claims reserves. Defendant plans to request the following discovery: (1) it will request that Plaintiffs produce all documents upon which they rely in asserting their claims against Defendant and all documents which otherwise support those claims and (2) it will request to depose the person(s) most knowledgeable of Plaintiffs' allegations.

3

Further, it is Defendant's position that no discovery should take place until after ruling on Defendant's Motion to Dismiss.

Respectfully submitted,

| **KIRKLAND & ELLIS, LLP** | **VEDDER PRICE, P.C.** |
|---|---|
| /s/ Andrew R. Running | /s/ Timothy M. Schank |
| Andrew R. Running | Randall M. Lending |
| Ryan Blaine Bennett | Timothy M. Schank |
| Amy C. Haywood | 222 North LaSalle Street |
| 200 East Randolph Drive | Suite 2600 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| Telephone: (312) 861-2000 | Telephone: (312) 609-7500 |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| *Tower Automotive, L.L.C. and* | *Lumbermens Mutual* |
| *Tower Automotive, Inc.* | *Casualty Company* |

DATED: June 26, 2008