# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2218 | **DATE** | 9/8/2008 |
| **CASE TITLE** | TOWER AUTOMOTIVE et al vs. LUMBERMENS MUTUAL CASUALTY CO | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss is granted specifically as to Tower's request for a declaratory judgment that Lubermens breached the Agreement and denied as to all other claims.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

   Tower Automotive, LLC and Tower Automotive, Inc. ("Tower") sued Lubermens Mutual Casualty Company ("Lubermans") alleging breach of a Settlement Agreement ("Agreement") and requesting a declaratory judgment. The settlement agreement at issue states:

   On or about November 1, 2007, and at annual intervals thereafter, Lubermens shall perform a review, pursuant to the Policies and incorporating Lubermens' usual and customary methodology, to determine the adequacy of the Collateral at such time and shall, when warranted, promptly cause an adjustment of the Collateral. For the avoidance of doubt, Lubermens' usual and customary methodology shall involve the use of loss development factors specified in the Policies and, if and when such contractual factors are not specified, shall incorporate Lubermens' actuarially-derived loss development factors and credit margins applicable to its insurance business generally. These annual adjustments shall be further subject to the Stipulation referred to in Paragraph 8 below.

The relevant stipulation states:

   On or about November 1, 2007, and at annual intervals thereafter (each an "Annual Redetermination"), Lubermens shall perform a review, pursuant to the Policies and incorporating Lubermens' usual and customary methodology, to determine the adequacy of the Collateral at such time and shall, when warranted, promptly cause and/or authorize an adjustment to the Collateral subject to the terms of this Stipulation. For the avoidance of doubt, Lubermens' usual and customary methodology shall involve the use of loss development factors specified in the Policies and, if and when such contractual factors are not specified, shall incorporate Lubermens' actuarially-derived loss development factors and credit margins applicable to its insurance business generally.

**STATEMENT**

Tower argues that Lubermens has breached the agreement by imposing an arbitrary and unsupported credit surcharge on Tower as part of its annual collateral determination and by refusing to provide it with information as to how the surcharge was calculated using the factors referenced in the agreement. Cmplt. at ¶¶ 29-30. In addition, Tower asks for a declaratory judgment that Lubermens breached the settlement agreement and requiring Lubermens to provide accounting supporting this and any future surcharge. *Id*. at ¶¶ 33A-C. Lubermens brought a Motion to Dismiss, arguing that Tower did not articulate any breach of contract because Lubermens was not required to provide any support for the surcharge based on the terms of the agreement and that in any case, declaratory judgment is inappropriate. For the reasons stated below, the Motion to Dismiss is denied in part and granted in part.

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the Plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Specifically, such set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

1. Breach of Contract

Tower has adequately stated a claim for breach of contract. Under the settlement agreement, Lubermens is required to perform its annual review of the adequacy of the collateral using specified methods. Specifically, it must use the usual and customary methodology, which involves the use of loss development factors specified in the Policies and, if and when such contractual factors are not specified, shall incorporate Lubermens' actuarially-derived loss development factors and credit margins applicable to its insurance business generally.

Full force and effect should be given to every provision in a settlement agreement. *Air Line Stewards and Stewardesses Assoc. Local 550 v. Trans World Airlines*, 713 F.2d 319, 321-22 (7th Cir. 1983); *Thompson v. Amoco Oil Co.*, 903 F.2d 1118, 1121 (7th Cir. 1990) (contracts should be intepretted so as not to render any language "mere surplusage"); *see also Abbott Labs. v. Alpha Therapeutic Corp.* ("local contract law governs the construction and enforcement of settlement agreements"). Here, the agreement provides a method by which Lubermens is to calculate the necessary collateral. In its Complaint, Tower alleged that Lubermens arbitrarily imposed a credit surcharge. Thus, put another way, it alleged that the surcharge was calculated arbitrarily and not in accordance with the provisions in the governing agreement. As such, it has sufficiently stated a claim for breach of contract.

In addition, although the Court does not rule at this juncture as to whether Lubermens should be required to provide any form of accounting to Tower, it notes that this request is not *per se* barred by the terms of the settlement agreement. The agreement does not specifically state that Lubermens must provide Tower an accounting for its annual collateral calculation. However, contracts should be interpreted to give effect to all their terms. *See*, *e.g.*, *Thompson v. Amoco Oil Co.*, 903 F.2d 1118, 1121 (7th Cir. 1990). As noted above, the agreement provides specific methods by which the annual collateral calculation must be made. It seems unlikely that the intent of the parties in this circumstance was to agree to a method of calculation but provide absolutely no mechanism for Tower to confirm that the calculation was made according to the agreement. *See Home Ins. Co. v. Chicago & NW Transp. Co.*, 56 F.3d 763, 767 (7th Cir. 1995) ("under Illinois law, the primary objective in construing a contact is to give effect to the parties' intent").

**STATEMENT**

2. Declaratory Judgment

Tower asks for a declaratory judgment stating that Lubermens breached the Agreement, must provide an accounting for the credit surcharge and must provide accounting for any future surcharge, and Lubermens argues that such claims are precluded by the language of the Agreement. As such, the discussion above applies with equal force to Tower's requests for declaratory relief. In addition, Lubermens argues that it is *per se* improper for Tower to seek a declaratory judgment that a contract has been breached.

"A request to construe a contract to apprise parties of their legal rights falls within the scope of the Federal Declaratory Judgment Act." *Household Fin. Serv., Inc. v. N. Trade Mortgage Corp.*, No. 99 C 2840, 1999 WL 782072, at*2 (N.D.Ill. September 27, 1999) *citing Lyons Sav.& Loan Ass'n v. Geode Co.*, 641 F.Supp. 1313, 1319 9N.D.Ill. 1986); *Garland Office L.L.C. v. Syms Corp.*, No. 03 C 870, 2003 WL 22019312, at * 4 (N.D.Ill. August 28, 2003). Indeed, the purpose of the act is to allow parties to understand their rights and obligations so that they may appropriately adjust their future conduct. *Household Fin. Serv.*, 1999 WL 782072, at *2, *citing Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994). However, parties may not seek a judicial declaration that a contract was breached, thereby improperly couching a breach of contract action as one for declaratory judgment. *See*, *e.g.*, *Household Fin. Serv.*, 1999 WL 782072, at *2; *Garland Office*, 2003 WL 22019312, at *4 (agreeing with the proposition of *Household Fin. Serv.* but finding that Plaintiff was not seeking a declaration of breach of contract but rather a declaration that the contract was in full force that would not entitle the Plaintiff to damages).

Here, Tower makes both proper and improper requests. It properly asks the Court to clarify its rights under the Agreement by making declarations as to whether it is entitled to an accounting for this surcharge or any surcharge that may come in the future. However, Tower also specifically asks for a declaration that Lubermens breached the settlement agreement, which is inappropriate. See, e.g. *Household Fin. Serv.*, 1999 WL 782072, at *4; *Garland Office L.L.C. v. Syms Corp.*, No. 03 C 870, 2003 WL 22019312. Therefore, the Motion to Dismiss is granted only as to Tower's request for a declaratory judgment that Lubermens breached the Agreement.

For the reasons stated above, the Motion to Dismiss is granted specifically as to Tower's request for a declaratory judgment that Lubermens breached the Agreement and denied as to all other claims.